JOE ANTHONY BULLARD and ADELA MARIE SANTISTEBAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bullard v. Commissioner
Docket No. 11572-88.
United States Tax Court
T.C. Memo 1989-244; 1989 Tax Ct. Memo LEXIS 244; 57 T.C.M. (CCH) 479; T.C.M. (RIA) 89244; May 18, 1989. Joe Anthony Bullard, pro se. Lisa M. Oshiro, for the respondent. COHEN
MEMORANDUM *245 FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 1,692 and $ 1,404 in petitioners' Federal income tax for 1984 and 1985, respectively. After concessions, the sole issue for decision is whether petitioners are entitled to capital loss deductions for the years in issue with respect to the abandonment of a water well. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Redmond, Washington, when they filed the petition. In 1979 petitioners purchased a 5-acre parcel of land on Vashon Island, Washington. In 1981 petitioners contracted to have a water well drilled upon the Vashon Island property. The well was completed in 1982. The well did not yield any water, however, and was sealed and abandoned in 1982. On their Federal income tax returns for 1984 and 1985, petitioners deducted $ 1,800.00 and $ 2,503.76, respectively, relative to the abandonment of the well. Respondent disallowed the deductions in *246 his notice of deficiency. As of the time of trial in February 1989, petitioners had not developed or sold the Vashon Island property. OPINION Petitioners argue that their abandonment of the well constituted a $ 14,878 deductible capital loss. Petitioners do not dispute that the loss was sustained in 1982. They do assert, however, that by virtue of the limitations on capital losses deductible for a given year under section 1211(b) and the capital loss carryover rule under section 1212(b), the claimed portions of the loss were properly deductible for the years in issue. Petitioners assert for the first time on brief that they drilled the well to make the Vashon Island property more marketable and to sell shares of water to surrounding land owners. No evidence was received at trial to support this contention. Respondent argues, inter alia, that petitioners have failed to prove that the loss was deductible under section 165 and that, even if the loss were deductible, it would be an ordinary loss, deductible only for 1982. We agree with respondent on both grounds. An individual may *247 deduct a loss only if the loss (1) is incurred in the individual's trade or business, (2) is incurred in any transaction entered into for profit, or (3) arises from a casualty or theft. Section 165(a), (c). Petitioners bear the burden of proving that they sustained a deductible loss. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners offered no evidence at trial, however, with respect to any of these three criteria. Petitioners attached to their post-trial reply brief materials indicating that they attempted to sell the Vashon Island property through a real estate agency in 1980 and through a classified advertisement placed in late 1982. These materials cannot be considered. Rule 143(b), Tax Court Rules of Practice and Procedure. In any event, we will not reopen the record to admit these materials. They would not persuade us that petitioners were ever in a trade or business that would have used the well or that the well drilling constituted part of an activity entered into for profit. In general *248 a capital loss, and accordingly a capital loss carryover, results from the "sale or exchange" of a capital asset. Sections 1212, 1222. An abandonment is not a sale or exchange within the meaning of section 1222. Consequently, any loss resulting from the abandonment of an asset, including a capital asset, is an ordinary loss. Rudd v. Commissioner,79 T.C. 225, 247 (1982). Petitioners' loss on the well abandonment, if deductible at all, thus would have been deductible as an ordinary loss only for the year in which it was sustained, to wit 1982. Section 165(a); section 1.165-1(d), Income Tax Regs. The capital loss limitations of sections 1211 and 1212 are inapplicable. In view of our holding, we need not address respondent's alternative arguments. After concessions by both parties, Decision will be entered under Rule 155.